# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00736 |
| ) | Judge Aleta A. Trauger |
| EAST WEST ENTERPRISES, LLC ) | |
| AND CVHC2, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Alter and/or Amend Judgment, pursuant to local Rule 7.01 (Docket No. 30) filed by the plaintiff, John Smith. For the reasons discussed herein, Smith's motion is denied.

The court is puzzled by Smith's arguments. First, he attacks on factual grounds the following footnote from the court's Order dismissing his claims: "The court notes that the Middle District of Tennessee has seen a heavy influx of non-local ADA plaintiffs in recent years." Yet in his motion, Smith acknowledges that in 2011, six non-local plaintiffs filed ADA suits in the Middle District and, in 2013, fourteen non-local plaintiffs filed ADA suits in the Middle District. These twenty plaintiffs alone constitute approximately one-sixth of all ADA suits filed in the Middle District since 2011.

Smith's legal assertions are similarly bewildering. He contends that, with regard to the four-factor test for requisite threat of future injury, the footnote "creates the impression that the Court is giving more weight" to the first factor than the other three factors. This impression is unwarranted. The Order addresses each factor in turn, and nothing in the footnote indicates analytical predominance of the first factor. Smith also contends that the court erred in limiting

1

its analysis of the first factor—the proximity of the defendant's business to the plaintiff's residence—to the proximity of the defendant's business to the plaintiff's residence. He complains:

> The current opinion, by establishing a presumption against the proximity factor based on distance between the plaintiffs (sic) residence and the business only, places undue emphasis on the distance between the residence and the business to determine the proximity factor. This is the error of the 100-mile presumption in this case and others; it automatically places the proximity factor against the plaintiff based on residence to business distance only, without allowing any balancing as to that factor due to be allowed because of the distance/proximity that the plaintiff may have when the plaintiff travels.

The court disagrees. Furthermore, the Order specifically addresses the distance between the Galleria Taco Bell and Smith's travel accommodations under the test's fourth factor: the plaintiff's frequency of travel near the defendant. Smith seeks to reformulate the test so that the court will double-count a consideration he deems favorable. The court will do no such thing.

## **CONCLUSION**

For the foregoing reasons, Smith's Motion is **DENIED**.

Enter this 7th day of September 2017.

 _____
 ALETA A. TRAUGER
 United States District Judge